# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM CHARLES FREDERICK (#2002070140)** | **CIVIL ACTION** |
| **VERSUS** | |
| **ST. MARY PARISH LAW ENFORCEMENT CENTER, ET AL.** | **NO. 17-0297-JWD-EWD** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 8, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAM CHARLES FREDERICK (#2002070140) | CIVIL ACTION |
| VERSUS | |
| ST. MARY PARISH LAW ENFORCEMENT CENTER, ET AL. | NO. 17-0297-JWD-EWD |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* Plaintiff, a prisoner confined at the St. Mary Parish Law Enforcement Center, Centerville, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against the Enforcement Center, St. Prioux and "Mail Lady" Sharlen Joseph, complaining that Defendants have allegedly violated his constitutional rights at that facility by opening his legal mail and by exhibiting deliberate indifference to his serious medical needs.

Under the provisions of 28 U.S.C. § 1391(b)(1) and (2), a civil action may generally be brought in a judicial district in which any defendant resides or in which a substantial part of the events or omissions giving rise to the claim occurred. Further, pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), a case filed in a Court of improper or inconvenient venue may be transferred, in the interest of justice and for the convenience of the parties and witnesses, to a district in which it could have been brought. In the instant case, Plaintiff is confined in the Western District of Louisiana, and he complains regarding incidents that have occurred entirely in the Western District. Inasmuch as Plaintiff, Defendants and the principal witnesses related to Plaintiff's claims are located in the Western District, the Court believes that it is in the interest of justice to transfer this case to the Western District of Louisiana where the evidence and witnesses will more likely be easily located and produced.

## RECOMMENDATION

It is recommended that this matter be transferred to the Western District of Louisiana for further proceedings. It is further recommended that a determination regarding Plaintiff's right to proceed as a pauper herein be deferred to the transferee court for resolution and disposition.

Signed in Baton Rouge, Louisiana, on June 8, 2017.


                                                   **ERIN WILDER-DOOMES**
                                                  **UNITED STATES MAGISTRATE JUDGE**