UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**WILLIAM CHARLES FREDERICK #730193**

**CASE NO. 6:17-CV-00826 SEC P**

**VERSUS**

**JUDGE MICHAEL J. JUNEAU**

**ST. MARY PARISH LAW ENFORCEMENT CENTER, ET AL**

**MAGISTRATE JUDGE WHITEHURST**

**REPORT AND RECOMMENDATION**

Pro se plaintiff William Charles Frederick, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on May 4, 2017, in the United States District Court for the Middle District of Louisiana. [Rec. Doc. 1] On June 28, 2017, the matter was transferred to this Court. Doc. 5. An amended complaint was filed on July 28, 2017. Doc. 8. Following an initial review, plaintiff was ordered to amend his complaint on November 7, 2017, to address deficiencies outlined by the Court (doc. 13), which he did on December 5, 2017 (docs 14, 15).

Frederick names the following as defendants in this matter: St. Mary Parish Law Enforcement Center (SMPLEC), Thomas Wesley, Correct Health Medical Center, Wanda Jackson, Warden Robyn Landry, Deputy Moore, Sheriff Mark Hebert, Danny Faulks, Nathan Jones and Nurse Lori.

On October 21, 2019, the Court held a *Spears* hearing, pursuant to which plaintiff participated via telephone. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), *overruled on other grounds, Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

I. **Background**

Sometime between February 5-6, 2016, Frederick, a pre-trial detainee at the time, was playing basketball with a group of detainees and DOC inmates when he was pushed down by another inmate and suffered a broken hip. Doc. 8, p. 4. He was taken to medical, examined, then transported to Iberia Medical Center via ambulance. *Id*. After x-rays and a cat scan were ordered, surgery was scheduled for the following day. *Id*.

Plaintiff returned to SMPLEC on February 12 or 13, 2016, and was placed in segregation instead of a medical dorm. Id. at p. 5. He alleges he was denied prescription medications, including antibiotics, and given only Tylenol for pain. He complains that segregation was "horribly unsanitized." *Id*. He was given a single foam mat, approximately 2 inches thick, until Ofc. Bruce Clifton brought him a second mat on February 17 or 18. *Id*. He felt that medical was deliberately denying comfort to ease his pain and suffering.

While in segregation, Frederick alleges that he was denied daily physical therapy. He was locked in the cell for 23 hours a day. He had to push his own wheelchair to the shower while using a walker and had no help dressing or undressing. Ofc. Wanda Jackson and Deputy Moore were very impatient with him and treated him like he was a physically healthy, segregated violent offender rather than a medical patient.

Later, from April 10- April 20, 2016, plaintiff made repeated calls to medical due to blood in his urine and severe back/kidney pain. He requested to be taken to the hospital because he knew he was passing kidney stones, but his requests were ignored. He was in severe pain, lying on the floor with a broken hip when Ofc. Wes looked at him, said nothing, turned and walked away, ignoring his condition. Fellow inmate Harry Francis repeatedly called, "Man Down!" but medical refused to come. Instead, plaintiff was told to fill out a sick call form. He was finally sent to medical on April 19, 2016. He passed large quantities of blood and 2 kidney stones on or about April 20, 2016, and was not seen again by medical until May 20, 2016. Plaintiff remained in segregation until approximately June 15, 2016, when he was moved into the Medical Dorm, "Tiger D."

Frederick also complains about an incident that occurred in May 2016. Plaintiff was outside of his segregation cell for one hour of recreation when a violent detainee was allowed to enter the cell block and possibly endanger his life. The detainee

3

waived at the guard, Wanda Jackson, and returned to his cell. He concedes that while nothing occurred, the situation *could* have become violent.

Finally, he complains that prison officials threw away his grievances and opened his incoming mail outside of his presence.

## II. Law and Analysis

### A. Frivolity Review

Frederick has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397,

400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. Section 1983

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 487 U.S. 42, 48-49 (1988).

### C. Defendants

#### 1. Sheriff Mark Hebert

Plaintiff has sued St. Mary Parish Sheriff Mark Hebert. Plaintiff clarified at the *Spears* hearing that this defendants did not have any personal involvement in the claims he alleges; rather, he is only named in his supervisory capacitiy. Plaintiff is hereby advised: "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 508 U.S. 951 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce*

5

*v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 514 U.S. 1107 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897 (1983). In other words, to the extent that plaintiff seeks to name supervisory officials as defendants, he must allege facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by that defendant. Because Frederick does not allege personal involvement on the part of Hebert, he is unable to state a claim against him and all claims against Mark Hebert should be dismissed.

### 2. Danny Faulks

Plaintiff seeks to visit § 1983 liability upon a fellow inmate, Danny Faulks, who tripped him on the basketball court, causing him to fall and injure himself. Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. See 42 U.S.C. § 1983. Thus, a plaintiff in a civil rights suit must show that the conduct of which he is complaining was committed by a person acting under color of state law. Plaintiff has not alleged any action that would give rise to his fellow inmate being classified as a state actor. Since plaintiff is not complaining of any civil rights violations committed by a "state actor," his complaint against Faulks alleges a state law tort claim, not a civil rights

claim which could be addressed in Federal Court. As plaintiff's civil rights claim against inmate Faulks lacks an arguable basis in law, it should be dismissed with prejudice as frivolous. To the extent that he seeks to allege a state law tort claim, that claim should be dismissed without prejudice for lack of subject matter jurisdiction.

### 3. St. Mary Parish Law Enforcement Center

Plaintiff has sued the St. Mary Parish Law Enforcement Center. Federal Rule of Civil Procedure 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether St. Mary Parish Law Enforcement Center has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code Ann. art. 24. The St. Mary Parish Law Enforcement Center is not a juridical person and therefore, plaintiff's claims against it must be dismissed.

### 4. Nathan Jones

Frederick makes two allegations against Nathan Jones. First, he claims that Jones, stationed in Frederick's hospital room following his surgery, fell asleep with his gun belt off while Frederick was unrestrained in the bed, leaving his keys and

gun accessible to Frederick. Frederick also alleges that Jones utilized metal restraints to hold him to the bed, as opposed to hospital restraints. Plaintiff has failed to allege facts to show that a constitutional right has been violated by defendant Nathan Jones and as such, claims against Jones should be dismissed.

### 5. Nurse Lori

Plaintiff alleges that Nurse Lori, the head nurse, should not have moved him from a wheelchair to the examination table following his injury on the basketball court. In the context of medical care, a prison official violates the Eighth Amendment when he acts with deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir.1997). It occurs when a prison official subjectively knows of and disregards a substantial risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837-840 (1994). It is not enough to show mere negligence or disagreement with one's treatment. *Miles v. Rich*, 576 Fed.Appx. 394, 396 (5th Cir. 2014) (*citing Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). The prisoner must show that prison officials "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for

8

any serious medical needs.'" *Domino v. Tx. Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

Plaintiff's claim that Nurse Lori was at fault for moving him from the wheelchair to the examination table following his injury asserts a negligence claim, at best, not a claim of a civil rights violation cognizable under Section 1983. Claims arising from allegedly negligent acts do not give rise to relief under § 1983. Accordingly, plaintiff's claims against Nurse Lori should be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

### D. Other Claims

#### 1. Detainee Allowed in Cell Block

Frederick complains of an incident that occurred between May 17-May 27 when he was outside of his cell for recreation and the door to a cell was opened by central, allowing a detainee to enter the cell block and possibly endanger his life. He alleges that the detainee waved at the guard, Wanda Jackson, and return to his cell. Plaintiff contends that this detainee was violent offender and that the situation put him in danger. However, he concedes that nothing happened as a result of the guards allowing this detainee in the cell. Accordingly, Plaintiff has failed to state a claim upon which relief can be granted with respect to this incident.

#### 2. Grievance Forms and Mail

Finally, Plaintiff alleges that prison officials threw away his grievance and request forms. Allegations of dissatisfaction with the investigation and/or rejecting of grievances fail to state a cognizable constitutional claim. *See Jones v. North Carolina Prisoners' Labor Union, Inc.*, 97 S. Ct. 2532 (1977) (Burger, C.J., concurring) (applauding institution of grievance procedures by prisons but noting that such procedures are not constitutionally required); *Geiger v. Jowers,* 404 F.3d 371, 374 (5th Cir. 2005) (prisoners do not have a federally protected liberty interest in having grievances investigated, let alone resolved in their favor); *Mahogany v. Miller*, 252 F. App'x 593, 595 (5th Cir. 2007) (holding that the plaintiff had no actionable § 1983 claim based on prison officials' failure to process his grievances because he had no protected liberty interest in the processing of grievances).

Moreover, Frederick complains that prison officials opened his incoming mail. In the *Spears* hearing, he conceded that he was not alleging that he was denied access to the courts or that prison officials took anything out of his mail, only that they opened his incoming mail in outside of his presence. It is well-recognized that inmates have a First Amendment right both to send and receive mail, *see Thornburgh v. Abbott*, 490 U.S. 401 (1989), but it is clear that this right does not preclude prison officials from examining mail to ensure that it does not contain contraband or address matters, such as escape plans or other illegal activity, that may impact upon the security of the prison environment. *See Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th

10

Cir. 1993). Thus, it is well-settled that a prisoner does not have a constitutional right to complain if his incoming mail is opened and inspected outside of his presence, even if the inspection is in violation of prison rules or regulations, and this rule applies to both legal and personal mail. *See id*. at 825 (recognizing that "the violation of a prison regulation requiring that a prisoner be present when his incoming legal mail is opened and inspected is not a violation of a prisoner's constitutional rights"). *See also Singletary v. Stalder*, 273 F.3d 1108 (5th Cir. 2001) (affirming that "prisoners do not have a constitutional right to be present when privileged legal mail is opened and inspected").

Accordingly, Frederick has failed to state a claim upon which relief can be granted with respect to the complaints regarding grievances and mail.

## *Conclusion*

Therefore,

**IT IS RECOMMENDED** that all claims against defendants St. Mary Parish Law Enforcement Center, Sheriff Mark Landry, Danny Faulks, Nathan Jones and Nurse Lori be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim on which relief can be granted, under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii)[1].

---

[1] Plaintiff's claims against the remaining defendants, Warden Robyn Landry, Correct Health Medical Center Staff, Deputy Moore, Wanda Jackson, and Thomas Wesley, will be addressed in a separate Order.

**IT IS FURTHER RECOMMENDED** that all claims relating to Wanda Jackson allowing a detainee into the cell block with Plaintiff, prison officials opening incoming mail, and all complaints involving the prison grievance process be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim on which relief can be granted, under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE in Chambers on this 20th day of February, 2020.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE