NITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**WILLIAM CHARLES FREDERICK    CASE NO. 6:17-CV-00826 SEC P**
**#730193**

**VERSUS                            JUDGE MICHAEL J. JUNEAU**

**ST. MARY PARISH LAW              MAGISTRATE JUDGE WHITEHURST**
**ENFORCEMENT CENTER, ET AL**

## ORDER

Pro se plaintiff William Charles Frederick, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on May 4, 2017, in the United States District Court for the Middle District of Louisiana. [Rec. Doc. 1] On June 28, 2017, the matter was transferred to this Court. Doc. 5. An amended complaint was filed on July 28, 2017. Doc. 8. Following an initial review, plaintiff was ordered to amend his complaint on November 7, 2017, to address deficiencies outlined by the Court (doc. 13), which he did on December 5, 2017 (docs 14, 15).

Frederick names the following as defendants in this matter: St. Mary Parish Law Enforcement Center (SMPLEC), Thomas Wesley, Correct Health Medical

Center, Wanda Jackson, Warden Robyn Landry, Deputy Moore, Sheriff Mark Hebert, Danny Faulks, Nathan Jones and Nurse Lori.[1]

On October 21, 2019, the Court held a *Spears* hearing, pursuant to which plaintiff participated via telephone. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), *overruled on other grounds, Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

## I. Claims

### a. Housing of Inmates

At the *Spears* hearing, plaintiff testified that Warden Robyn Landry was named as defendant because it was her decision to house plaintiff, a pretrial detainee at the time of the incident complained of, in the same dorm as a convicted inmate with whom he was involved in an altercation that caused an injury on the basketball court.

It is not *per se* unconstitutional to house a pretrial detainee with a convicted inmate. In *Jones v. Diamond*, 636 F.2d 1364 (5th Cir. 1981), the Fifth Circuit stated that

> [t]he confinement of pretrial detainees indiscriminately with convicted persons is unconstitutional unless such a practice is 'reasonably related to the institution's interest in maintaining jail security,' or physical facilities do not permit their separation. Of course, if a particular pretrial detainee has a long record of prior convictions or is likely to be violent, imposition of greater security measures is warranted …. Nonetheless, pretrial detainees have a due

---

[1] Disposition of the claims against St. Mary Parish Law Enforcement Center, Sheriff Mark Landry, Danny Faulks, Nathan Jones and Nurse Lori are addressed in a separate Report and Recommendation.

2

process right to be considered individually to the extent security and space requirements permit.

*Id*. at 1374 (*quoting Bell v. Wolfish*, 441 U.S. 520, 531 (1979)). Thus, the Fifth Circuit in *Jones* recognized that the housing of pretrial detainees with convicted inmates may raise constitutional concerns, but only if their classification together is handled indiscriminately without justification, *Pembroke v. Wood County*, 981 F.2d 225, 228 (5th Cir. 1993), but it also recognized that some circumstances will permit the housing of pretrial detainees with convicted inmates.

Significantly, the classification of inmates is an administrative function of the prison. *Jones*, 636 F.2d at 1376. Courts accord great deference to prison officials' administrative decisions and will not interfere with legitimate administration without a constitutional violation. *Bell*, 441 U.S. at 547-48; *Smith v. Bingham*, 914 F.2d 740, 742 (5th Cir. 1990). "Inmates have a federal right to due process at prison classification … only if state law contains 'substantive predicates' limiting the prison administrators' discretion to classify, assign, and punish inmates." *Ricker v. Leapley*, 25 F.3d 1406, 1409 (8th Cir. 1994); *accord Woods v. Edwards,* 51 F.3d 577, 582 (5th Cir. 1995) (citing *Hewitt v. Helms*, 459 U.S. 460, 469-70 (1983)). "Classification of inmates in Louisiana is a duty of the [jailer] and an inmate has no right to a particular classification under state law." *Woods*, 51 F.3d at 581-82 (quotation omitted).

Thus, "[i]nmates have no protectable property or liberty interest in custodial classification. The classification of prisoners is a matter within the discretion of prison officials. Absent an abuse of discretion, federal courts are loathe to interfere with custodial classifications established by prison officials." *Whitley v. Hunt,* 158 F.3d 882, 889 (5th Cir. 1998) (citations omitted), a*brogated on other grounds by Booth v. Churner*, 532 U.S. 731, 735 (2001); *accord Jones v. Roach*, 196 Fed. Appx. 287, 2006 WL 2474746, at *1 (5th Cir. 2006); *Wilkerson v. Stalder*, 329 F.3d 431, 436 (5th Cir. 2003).

The Fifth Circuit's decision in *Jones v. Diamond* specifically states that limitations on physical facilities might justify housing pretrial detainees with convicted inmates, that pretrial detainees have a right to be considered individually only to the extent that security and space requirements permit, and that imposition of greater security measures is warranted if an inmate has a long record of prior convictions or is likely to be violent. *Jones*, 636 F.2d. at 1374.

Plaintiff has alleged that he was improperly housed with convicted inmates and that another inmate attacked and injured him as a result. The Court has determined that Frederick has provided enough information to survive initial review on this claim.

### b. Denial of Adequate Medical Care

Frederick alleges that upon returning to SMPLEC on February 12 or 13, following his surgery, Correct Health Medical Center denied him proper medical care. Specifically, he was placed in segregation instead of a medical dorm, was given Tylenol for his pain, rather the medication prescribed by the physician following surgery, and he was given a single foam mat, approximately 2 inches thick, despite the fact that he had just received twelve staples in his side and two five inch screws in his hip.

Moreover, Deputy Moore and Officer Wanda Jackson denied Plaintiff his daily physical therapy, locked him in a cell for 23 hours a day, and forced him to push his own wheelchair to the shower, offering no assistance with dressing or undressing.

In an unrelated matter, Plaintiff claims he was denied medical care on or about April 10, 2016, when Thomas Wesley ignored Plaintiff's requests to be taken to the hospital due to the fact that Plaintiff had blood in his urine and severe back pain, and knew he was passing a kidney stone. In the *Spears* hearing, plaintiff stated that Wesley walked up and saw him on the floor, on his knees, knowing he was still using a walker and could not get up easily on his own, and walked away without helping.

## II. Service

The Court has determined that Frederick has provided enough information to survive initial review on claims against Warden Robyn Landry, on the issue of inmate housing only, and Correct Medical Health Center, Thomas Wesley, Wanda Jackson and Deputy Moore, on the issue of denial of medical care.

Therefore, in order for the court to determine an appropriate resolution to Frederick's claims,

**THE CLERK IS DIRECTED** to serve upon Frederick at his last known address the following: a copy of this memorandum order, two (2) summons forms for the following named defendants: Warden Robyn Landry, Correct Medical Health Center, Thomas Wesley, Wanda Jackson and Deputy Moore, and one (1) USM-285 form for each named defendant.

Within thirty (30) days of this order, Frederick must complete two (2) summonses and one (1) USM-285 form for each defendant named above; attach each set of documents (one packet for each defendant) to a copy of the original and amended complaints [docs. 1, 8, 14], and send the packets to the **Clerk of Court, Section P, 800 Lafayette Street, Suite 2100, Lafayette, Louisiana, 70501.**

Once the clerk has received the documents from Frederick,

**THE CLERK IS DIRECTED** to provide the packets prepared for the defendants Warden Robyn Landry, Correct Medical Health Center, Thomas Wesley, Wanda Jackson and Deputy Moore to the United States Marshal for service.

**IT IS ORDERED** that the defendants Robyn Landry, Correct Medical Health Center, Thomas Wesley, Wanda Jackson and Deputy Moore file a response within twenty-one (21) days after the date of service.

After all of the responsive pleadings are filed, an additional sixty (60) days is allowed for the parties to complete all appropriate discovery.

Thereafter, if deemed appropriate, Frederick and/or the defendants may file a motion for summary judgment within thirty (30) days, to include material and relevant affidavits, certified records, interrogatories and answers, admissions, and depositions, if any, and a supporting memorandum brief.

Any party not filing a motion for summary judgment SHALL FILE a Statement of Issues, within the same period, which shall enumerate each genuine issue of material fact perceived by that party which is relevant to this matter, or state that there are none. This statement will be used by the court to determine the necessity of an evidentiary hearing.

**IT IS FURTHER ORDERED** that, as a condition to their acceptance by the Clerk, all future filings by Frederick or the defendants shall include a certificate indicating that a copy thereof has been furnished to the other party, specifically

stating the name and address of each party or his attorney to whom a copy of the pleading was sent.

**Frederick's failure to comply with this order or to apprise the court of any change in his address shall be considered grounds for dismissal under LR 41.3.**

THUS DONE AND SIGNED in Chambers this 20th day of February, 2020.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE