UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| WILLIAM CHARLES FREDERICK #730193 | CASE NO. 6:17-CV-00826 SEC P |
| VERSUS | JUDGE MICHAEL J. JUNEAU |
| ST. MARY PARISH LAW ENFORCEMENT CENTER, ET AL | MAGISTRATE JUDGE WHITEHURST |

## MEMORANDUM ORDER

Before this Court are the original and amended complaints of pro se plaintiff William Charles Frederick (Frederick), filed pursuant to 42 U.S.C. § 1983.

### *Background*

Frederick, proceeding pro se and in forma pauperis, filed the instant civil rights complaint on May 4, 2017, in the United States District Court for the Middle District of Louisiana. Doc. 1. On June 28, 2017, the matter was transferred to this Court. Doc. 5. An amended complaint was filed on July 28, 2017. Doc. 8. Following an initial review, plaintiff was ordered to amend his complaint on November 7, 2017, to address deficiencies outlined by the Court (doc. 13), which he did on December 5, 2017 (docs 14, 15).

On October 21, 2019, the Court held a *Spears* hearing, pursuant to which plaintiff participated via telephone. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), *overruled on other grounds, Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

On March 12, 2020, Judge Juneau adopted the report and recommendation of the undersigned, dismissing all claims against defendants St. Mary Parish Law Enforcement Center, Sheriff Mark Landry, Danny Faulks, Nathan Jones and Nurse Lori, and all claims relating to Wanda Jackson allowing a detainee into the cell block with Plaintiff, prison officials opening incoming mail, and all complaints involving the prison grievance process. Doc. 28. Service was ordered on defendants Warden Robyn Landry, Correct Health Medical Center Staff, Deputy Moore, Wanda Jackson, and Thomas Wesley. Doc. 26.

The report and recommendation and the service documents were mailed to Frederick at the last known address provided to the Court, yet were returned as undeliverable on March 24, 2020, and March 30, 2020, respectively. Docs. 29, 30. Frederick has failed to return the service documents in accordance with Record Document 26, and likewise has failed to notify the Court of an address change. Attempts to locate plaintiff *via* the VineLink inmate data base have proven unsuccessful. *See* http://www.vinelink.com/index.jsp.

*Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "for failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

Further, Local Rule (LR) 41.3W provides in part, "The failure of a[]... pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days." More than thirty days have elapsed since the court's first correspondence was returned.

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b) and LR41.3W.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from

service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

In Chambers, Lafayette, Louisiana, April 22, 2020.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE