# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **WILLIAM CHARLES FREDERICK** | **CASE NO. 6:17-CV-00826** |
| **VERSUS** | **JUDGE MICHAEL J. JUNEAU** |
| **ST. MARY PARISH LAW ENFORECEMENT CENTER, ET AL** | **CASE NO. 6:17-CV-00826** |

*Consolidated with*

| | |
|---|---|
| **WILLIAM CHARLES FREDERICK** | **CASE NO. 6:17-CV-00828** |
| **VERSUS** | **JUDGE MICHAEL J. JUNEAU** |
| **ST. MARY PARISH LAW ENFORCEMENT CENTER, ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court is defendant Wesley Thomas'[1] Motion to Dismiss plaintiff's claims against him, pursuant to Federal Rule of Civil Procedure 12(b)(6). Rec. Doc. 46.

**I. Factual Background**

Plaintiff asserts numerous allegations against defendant Thomas and other persons and entities throughout the course of his pleadings in these consolidated

---

[1] Incorrectly named in the Complaint as Thomas Wesley.

matters. As it relates to Thomas, the sole allegation is that between April 10, 2016 and April 20, 2016, the defendant saw the plaintiff in need of medical attention and ignored him.[2]

## II. Law and Analysis

### A. 42 U.S.C. § 1983

Federal law provides a cause of action against any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, in order to hold the defendants liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. *Prescription*

Plaintiff's allegations against Thomas occurred in April 2016 and are therefore prescribed. The Supreme Court has held that the statute of limitations for a §1983 action is the same as the general statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-280 (1984). However, the date of accrual for a §1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of*

---

[2] 6:17-cv-00828 Rec. Doc. No. 1 at p. 4 and 6-17-cv-00826 Rec. Doc. No. 8 at p. 6.

*Bay City*, 779 F.2d 1136 (5th Cir. 1986). "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516, quoting *Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981). A plaintiff need not realize that a legal cause of action exists but only that the facts support a claim. *See Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983). The Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations provided by La. Civ. Code art 3492 in a §1983 action. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980).

The incident at issue in Plaintiff's claim against this defendant occurred between April 10, 2016 and April 20, 2016. Rec. Doc. 8, p. 6. Plaintiff therefore had until April 20, 2017, at the latest, to file suit against Defendant. However, Frederick did not file suit until May 4, 2017. As a result, Plaintiff's claim against this defendant is prescribed on its face.

Furthermore, Plaintiff filed suit in a court of improper venue, the Middle District of Louisiana. The Middle District ultimately transferred the case to this Court. Louisiana Civil Code article 3462 provides: Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action

is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period. The Fifth Circuit has "expressly held that this provision governs the determination of whether the prescriptive period has expired for suits filed in federal court based on diversity, as well as those based on § 1983 claims." *McClintock v. Sch. Bd. E. Feliciana Par.*, 299 F. App'x 363, 366 (5th Cir. 2008).

Here, since Plaintiff initiated suit in an improper venue, his claims are time-barred unless he properly served Defendants before the expiration of the applicable prescriptive period. *See Mullen v. Sears, Roebuck, and Co.*, 887 F.2d 615, 617 (5th Cir.1989) ("There is little doubt but that the service requirement in Article 3462 reflects a determination by the Louisiana legislature that absent proper venue, only service provides adequate notice."); see also *Riley v. Louisiana I–Gaming*, 732 So.2d 541, 544 (La.App. 5 Cir.1999) (holding that transfer pursuant to the grant of an exception of venue does not interrupt prescription); *Harvey v. LaSalle Corr.*, No. CIV.A. 13-2403, 2014 WL 5025947, at *4 (W.D. La. Oct. 8, 2014).

In the matter before this Court, it is apparent that Thomas was not served prior to the running of prescription. Plaintiff's claims are therefore effectively time-barred as Thomas.

### III. Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED THAT** that Defendant Wesley Thomas' Motion to Dismiss [Rec. Doc. 46] be **GRANTED**, dismissing plaintiff's claims against Wesley Thomas **WITH PREJUDICE** as time -barred.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir.1996).

THUS DONE in Chambers on this 1st day of March 2021.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE

5