UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **WILLIAM CHARLES FREDERICK** | **CASE NO. 6:17-CV-00826** |
| **VERSUS** | **JUDGE DEE D. DRELL** |
| **ST. MARY PARISH LAW ENFORECEMENT CENTER, ET AL** | **CASE NO. 6:17-CV-00826** |

*Consolidated with*

| | |
|---|---|
| **WILLIAM CHARLES FREDERICK** | **CASE NO. 6:17-CV-00828** |
| **VERSUS** | **JUDGE DEE D. DRELL** |
| **ST. MARY PARISH LAW ENFORCEMENT CENTER, ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court is defendant Robyn Landry's Motion to Dismiss plaintiff's claims against her, pursuant to Federal Rule of Civil Procedure 12(b)(6). Rec. Doc. 59. Plaintiff did not file an opposition to this motion.

### I. Factual Background

Plaintiff asserts numerous allegations against defendant Landry and other persons and entities throughout the course of his pleadings in these consolidated matters. As it relates to Landry, the sole allegation is that Warden Landry was named as a defendant because it was her decision to house plaintiff, a pretrial detainee at the time of the incident complained of, in the same dorm as a convicted inmate with

whom he was involved in an altercation that caused an injury on the basketball court. *See* Rec. Doc. 26, p. 4.

## II. Law and Analysis

### A. *Federal Rule of Civil Procedure 12(b)(6)*

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to present a defense of failure to state a claim upon which relief can be granted and authorizes the court to dismiss a case pursuant to a motion by the defendant when a plaintiff has not stated a cause of action. *Ceason v. Holt*, 73 F.3d 600 (5th Cir. 1996). "A claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim which will entitle him to relief." *See U S Xexrel. Willard v. Humana Health Plan of Texas, Inc.,* 336 F.3d 375 (5th Cir. 2003).

In order to survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim that is plausible on its face. *McKinley v. Harvey Toyota of Bossier City, Inc.*, 534 F.Supp.2d 668, 670 (W.D. La. 2008) (Hicks, J.) (quoting *In re Katrina Canal Breaches Litig*., 495 F.3d 191, 205 (5th Cir. 2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. "Yet, if the allegations set forth in the complaint, even if true, could not raise a claim of entitlement to relief, the court will expose the basic deficiency 'at

2

the point of minimum expenditure of time and money by the parties and the court.'" *Id*.

### B. Application

Plaintiff's allegations against Landry arise from an incident which occurred in February 2016 and are, therefore, prescribed. The Supreme Court has held that the statute of limitations for a §1983 action is the same as the general statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia,* 471 U.S. 261, 279-280 (1984). However, the date of accrual for a §1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986). "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516, quoting *Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981). A plaintiff need not realize that a legal cause of action exists but only that the facts support a claim. *See Harrison v. United States,* 708 F.2d 1023, 1027 (5th Cir. 1983). The Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations provided by La. Civ. Code art 3492 in a §1983 action. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980).

According to Plaintiff's complaint, the incident at issue in Plaintiff's claim against defendant Landry occurred on February 5 or 6, 2016. *See* 6:17-cv-826, Rec. Doc. No. 14 at pp. 4-6; 6:17-cv-828, Rec. Doc. No. 1, at p. 4. Plaintiff therefore had until February 5 or 6, 2017, at the latest, to file suit against Defendant. However, Frederick did not file suit until May 4, 2017. As a result, Plaintiff's claim against this defendant is prescribed on its face.

Furthermore, Plaintiff filed suit in a court of improper venue, the Middle District of Louisiana. The Middle District ultimately transferred the case to this Court. Louisiana Civil Code article 3462 provides:

> Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.

The Fifth Circuit has "expressly held that this provision governs the determination of whether the prescriptive period has expired for suits filed in federal court based on diversity, as well as those based on § 1983 claims." *McClintock v. Sch. Bd. E. Feliciana Par.*, 299 F. App'x 363, 366 (5th Cir. 2008).

Here, since Plaintiff initiated suit in an improper venue, his claims are time-barred unless he properly served the defendant before the expiration of the applicable prescriptive period. See *Mullen v. Sears, Roebuck, and Co.*, 887 F.2d 615, 617 (5th Cir.1989) ("There is little doubt but that the service requirement in Article 3462

4

reflects a determination by the Louisiana legislature that absent proper venue, only service provides adequate notice."); see also *Riley v. Louisiana I–Gaming*, 732 So.2d 541, 544 (La.App. 5 Cir.1999) (holding that transfer pursuant to the grant of an exception of venue does not interrupt prescription); H*arvey v. LaSalle Corr.*, No. CIV.A. 13-2403, 2014 WL 5025947, at *4 (W.D. La. Oct. 8, 2014).

Defendant Landry argues, and this Court agrees, that she was not served prior to the running of prescription. Therefore, plaintiff's claims against her are time-barred.

### III. Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED THAT** that Defendant Robyn Landry's Motion to Dismiss [Rec. Doc. 59] be **GRANTED**, dismissing plaintiff's claims against Robyn Landry **WITH PREJUDICE** as time -barred.

**IT IF FURTHER RECOMMENDED** that claims against defendants Shela and Nurse Kera be **DISMISSED WITHOUT PREJUDICE** for failure to effect service in compliance with the Federal Rules of Civil Procedure.[1]

---

[1] Service as to Shela and Nurse Kera was returned unexecuted on December 14, 2020, as undeliverable because these defendants are no longer employed at the facility. *See* Civil Action 17-cv-826, rec. docs. 49, 50. In an attempt to aid plaintiff in his attempt to facilitate service, the Court ordered the Warden of the St. Mary Parish Law Enforcement Center to provide a last known address for these Shela and Nurse Kera (in addition to other defendants no longer employed at the facility). *See* rec. doc. 53. No address was provided for Shela and Nurse Kera. Therefore, at this time, dismissal of these defendants is appropriate.

**IT IS FURTHER RECOMMENDED** that claims against Correct Health Medical Center and Wanda Jackson be **DISMISSED WITHOUT PREJUDICE** for failure to effect service in compliance with the Federal Rules of Civil Procedure.[2]

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir.1996).

---

[2] Service as to Correct Health Medical Center and Wanda Jackson was also returned unexecuted on December 14, 2020, as undeliverable because these defendants are no longer employed at the facility. *See* Civil Action 17-cv-826, rec. docs. 49, 50. In an attempt to aid plaintiff in his attempt to facilitate service, the Court ordered the Warden of the St. Mary Parish Law Enforcement Center to provide a last known address for these defendants. Rec. doc. 53. Addresses were provided and service was attempted, but unsuccessful. Rec. Doc. 62. Therefore, at this time, dismissal of these defendants is appropriate.

THUS DONE in Chambers on this 3rd day of May, 2022.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE