UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **WILLIAM CHARLES FREDERICK** | **CASE NO. 6:17-CV-00826** |
| **VERSUS** | **JUDGE DEE D. DRELL** |
| **ST. MARY PARISH LAW ENFORECEMENT CENTER, ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

*Consolidated with*

| | |
|---|---|
| **WILLIAM CHARLES FREDERICK** | **CASE NO. 6:17-CV-00828** |
| **VERSUS** | **JUDGE DEE D. DRELL** |
| **ST. MARY PARISH LAW ENFORCEMENT CENTER, ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court are Motions to Dismiss filed by the two remaining defendants in this matter, Deputy Moore (rec. doc. 65) and defendant Captain Green (rec. doc. 68), pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff did not file an opposition to either of these motions.

**I. Factual Background**

Plaintiff has asserted numerous allegations against defendant Moore, Green, and other persons and entities throughout the course of his pleadings in these

consolidated matters. Plaintiff's allegations against Moore and Green, and the law applicable to same, are discussed below.

## II. Law and Analysis

### A. *Federal Rule of Civil Procedure 12(b)(6)*

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to present a defense of failure to state a claim upon which relief can be granted and authorizes the court to dismiss a case pursuant to a motion by the defendant when a plaintiff has not stated a cause of action. *Ceason v. Holt*, 73 F.3d 600 (5th Cir. 1996). "A claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim which will entitle him to relief." *See U S Xexrel. Willard v. Humana Health Plan of Texas, Inc.,* 336 F.3d 375 (5th Cir. 2003).

In order to survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim that is plausible on its face. *McKinley v. Harvey Toyota of Bossier City, Inc.*, 534 F.Supp.2d 668, 670 (W.D. La. 2008) (Hicks, J.) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. "Yet, if the allegations set forth in the complaint, even if true, could not raise a claim of entitlement to relief, the court will expose the basic deficiency 'at

the point of minimum expenditure of time and money by the parties and the court.'" *Id*.

   B. **Application**

      a. ***Deputy Moore***

As it relates to Moore, the sole remaining claim is that Deputy Moore denied the plaintiff adequate care. *See* 6:17-cv-826, Rec. Doc. 26, p. 5. Specifically, Plaintiff alleges that, at some point or points between February 12, 2016, and June 15, 2016, Deputy Moore denied Plaintiff daily physical therapy, locked him in a cell for 23 hours a day, forced him to push his own wheelchair to the shower, and offered him no assistance with dressing or undressing. *See* 6:17-cv-826, Rec. Doc. 26, p. 5.

The Supreme Court has held that the statute of limitations for a §1983 action is the same as the general statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia,* 471 U.S. 261, 279-280 (1984). However, the date of accrual for a §1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City,* 779 F.2d 1136 (5th Cir. 1986). "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516, quoting *Vigman v. Community National Bank and Trust Co*., 635 F.2d 455, 459 (5th Cir. 1981). A plaintiff need not realize that a

legal cause of action exists but only that the facts support a claim. *See Harrison v. United States,* 708 F.2d 1023, 1027 (5th Cir. 1983). The Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations provided by La. Civ. Code art 3492 in a §1983 action. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980).

Plaintiff makes a 42 U.S.C. §1983 deliberate indifference claim against Moore, alleging that Moore ignored the plaintiff's need for medical care or assistance during the time period lasting, at most, from February 12, 2016, to June 15, 2016. Assuming that the alleged indifference lasted until the last possible day, Plaintiff therefore had until June 15, 2017, to file suit against Moore. Plaintiff did file suit on May 4, 2017[1], but did so in a court of improper venue, the Middle District of Louisiana. The Middle District, reading from the face of the pleadings that venue there was improper, ultimately transferred the matter to this Honorable Court on June 27, 2017[2]. Louisiana Civil Code article 3462 provides:

> Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.

---

[1] 6:17-cv-826, Rec. Doc. 1.
[2] 6:17-cv-826, Rec. Docs. 2, 4 and 5; 6:17-cv-00826, Rec. Docs. 2, 4, and 5

4

The Fifth Circuit has "expressly held that this provision governs the determination of whether the prescriptive period has expired for suits filed in federal court based on diversity, as well as those based on § 1983 claims." *McClintock v. Sch. Bd. E. Feliciana Par.*, 299 F. App'x 363, 366 (5th Cir. 2008).

Here, since Plaintiff initiated suit in an improper venue, his claims are time-barred unless he properly served the defendant before the expiration of the applicable prescriptive period. See *Mullen v. Sears, Roebuck, and Co.*, 887 F.2d 615, 617 (5th Cir.1989) ("There is little doubt but that the service requirement in Article 3462 reflects a determination by the Louisiana legislature that absent proper venue, only service provides adequate notice."); see also *Riley v. Louisiana I–Gaming*, 732 So.2d 541, 544 (La.App. 5 Cir.1999) (holding that transfer pursuant to the grant of an exception of venue does not interrupt prescription); H*arvey v. LaSalle Corr.*, No. CIV.A. 13-2403, 2014 WL 50259, at *4 (W.D. La. Oct. 8, 2014).

Defendant Moore argues, and this Court agrees, that he was not served prior to the running of prescription. Therefore, plaintiff's claims against him are time-barred.

### b. *Captain Green*

As to Captain Green, the sole remaining claim is denial of medical care. *See* 6:17-cv-828, Rec. Doc. 32, pp. 10-11, The claim is premised on the allegation that Captain Green refused to provide the plaintiff boat or a bunk for sleeping over a six-

5

day period during which Plaintiff alleges he slept on a single mat on the floor. *See* 6:17-cv-828, Rec. Doc. 32, pp. 10-11; Rec. Doc. 19, pp. 7-8. Plaintiff failed to exhaust the available administrative remedies required by 42 U.S.C. § 1997e prior to filing the instant suit, and as such, his claims against Captain Green should be dismissed without prejudice on that basis.

Pursuant to 42 U.S.C. § 1997e, as amended by the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement applies to claims brought against defendants in both their official and individual capacities. *See e.g.*, *Williams v. Henagan*, 595 F.3d 610, 618 (5th Cir. 2010); *Hines v. Texas,* 76 Fed. Appx. 564 (5th Cir. Sept. 29, 2003) (unpubl.). Exhaustion is an affirmative defense; thus, the burden is on defendant to establish that plaintiff failed to exhaust available administrative remedies. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (citation omitted). The court is authorized to resolve factual disputes concerning exhaustion. *Id*.

"[T]he PLRA's exhaustion requirement applies to ***all*** inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534

6

U.S. 516, 532 (2002)(citation omitted)(emphasis added). An inmate is required to "exhaust his remedies, irrespective of the form of relief sought, injunctive or monetary." *Richbourg v. Horton*, 2008 WL 5068680 (5th Cir. Dec. 2, 2008) (unpubl.)(citation omitted). Indeed, exhaustion is mandatory and is required even where the relief sought cannot be granted by the administrative process. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citations omitted).

All "available" remedies must be exhausted, whether speedy and effective, or not. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). "Proper exhaustion requires that the prisoner not only pursue all available avenues of relief but also comply with all administrative deadlines and procedural rules." *Johnson v. Kukua*, 342 Fed. Appx. 933, 934 (5th Cir. Aug. 20, 2009) (unpubl.) (*citing Woodford v. Ngo*, 548 U.S. at 89-93)). Thus, an untimely or otherwise procedurally defective administrative grievance does not satisfy the exhaustion requirement. *Id.* Furthermore, a prisoner is also required to exhaust all steps of a grievance process even if the prison fails to respond to his grievances at an earlier step in the process. *Hicks v. Lingle*, 370 F. Appx. 497, 499 (5th Cir. 2010); *Ates v. St. Tammany Parish*, Civ. Action No. 13-5732, 2014 WL 1457777 (E.D. La. Apr. 15, 2014). The plain language of the PLRA precludes any further action on plaintiff's claims until he has fully exhausted the administrative remedy procedure. Dismissal is the remedy, and it is typically without prejudice. *See* e.g., *Plaisance v. Cain, supra; Cooper v. Quarterman*, 342

Fed. Appx. 12, 13 (5th Cir. 2009) (modifying dismissal for failure to exhaust to reflect that it was without prejudice). *See Wendell v. Asher*, 162 F.3d 887, 890-91 (5th Cir.1998) (overruled by implication on other grounds by *Jones v. Bock*, 549 U.S. 199, 214 (2007) (§ 1997e(a) "plainly requires that administrative remedies be exhausted before the filing of a § 1983 suit, rather than while the action is pending . . . [t]o hold otherwise would encourage premature filing by potential litigants, thus undermining Congress' purpose in passing the PLRA, which was to provide the federal courts some relief from frivolous prisoner litigation.").

Moreover, the Fifth Circuit has consistently held that an inmate's ignorance of a prison's grievance procedures or exhaustion requirements does not excuse his noncompliance. *Aguirre v. Dyer*, 233 Fed. Appx. 365 (5th Cir. 2007) (citation omitted); *Simkins v. Bridges*, 350 Fed. Appx 952, 953-954 (5th Cir. 2009) (citation omitted); *Plaisance v. Cain*, 374 Fed. Appx. 560, 561 (5th Cir. 2010) (citation omitted). In that vein, to the extent that language on the form or policy regarding subsequent step review is phrased in discretionary rather than mandatory terms, the prisoner still must exhaust all "available" steps. *Ates, supra* (and cases cited therein). As the Fifth Circuit has emphasized, "[i]f impediments to filing grievances render remedies unavailable at one facility, remedies may become available again once a prisoner has been transferred, unless there are other problems at the new facility." *Dillon*, 596 F.3d at 267¬268 (citing *Bryant v. Rich*, 530 F.3d 1368, 1379 (11th Cir.

8

2008)). In short, the courts "will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." *Booth v. Churner*, 532 U.S. 731, 741 (2001).

Captain Green notes that, as a threshold matter, Plaintiff was a prisoner incarcerated in the St. Mary Parish Law Enforcement Center at the time that he filed suit herein and was, thus, subject to the PLRA's exhaustion requirement. Helpfully, Plaintiff has provided the Court with the St. Mary Parish Law Enforcement Center's ("SMPLEC") grievance procedure by filing his own grievances into the record of the instant matter.[3] The Court agrees with Green's contention that those records provided by the plaintiff are appropriate for consideration in addressing the defendant's instant Motion to Dismiss. *See, e.g., Allen v. Hays*, 812 F. App'x 185, 189 (5th Cir. 2020); *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).

Plaintiff's grievances show that the SMPLEC has an administrative remedy procedure policy requiring inmates to file a grievance within 90 days of the date of the incident made the subject of the grievance. Inmates will receive a response to that grievance within 45 days and shall proceed to a second-step review if the inmate does not receive the step-one response or is not satisfied with the step-one response.[4]

---

[3] 6:17-cv-828, Rec. Doc. 19, pp. 7-8.
[4] *Id.*

9

Plaintiff was clearly familiar with this procedure as he filed several grievances and followed others through to exhaustion.[5]

The grievance that Plaintiff filed in reference to his claims against Captain Green at issue herein was filed on July 26, 2017, and Plaintiff listed the date of the incident at issue as July 19, 2017. 6:17-cv-828, Rec. Doc. 19, pp. 7-8. He therein described his complaint as follows:

> After I got Back from the Hospittle from removal of stent, 6 Days I Had to sleep on the Flour Do to no Bunks open. Me and Mr. Brown asked Cpt. Green for a boat or extra mat. And He said, After DOC Leves. Asked othe gards and Medical. Still never got one. Cannot clim Do to Hip surgery. I am tring not to write a grievance. But after 6 Days what you want me to do!

*Id.*

Per the step-one response that Plaintiff received on August 1, 2017, the grievance was assigned to Lt. Bruce Clifton for screening. *Id* at p. 7. Lt. Clifton indicated that a Lt. Clark checked on Plaintiff and issued him a boat on or before July 28, 2017. *Id* at p. 8. Notably, at the bottom of that step-one response is the form for the plaintiff to request a second-step review if he is not satisfied with the first-step response. *Id.* Plaintiff, though, was apparently satisfied because he marked through the signature line in that section and wrote "NA," which, as Green notes, is almost universally recognized as the abbreviation for "not applicable." *Id.* Based upon these documents provided by the plaintiff, Green argues, and this Court agrees,

---

[5] 6:17-cv-828, Rec. Doc. 19; Rec. Doc. 18-2.

that it is evident that plaintiff failed to properly exhaust the available administrative remedies prior to filing suit here.

First, Plaintiff did not pursue the grievance to the second step because he was apparently satisfied with the resolution at the first step. Second, it is chronologically impossible for Plaintiff to have exhausted his remedies prior to filing suit herein. His Complaint in the instant matter was filed in May of 2017. The incident of which he complains occurred in July 2017. As the Fifth Circuit has repeatedly noted, § 1997e(a) "plainly requires that administrative remedies be exhausted before the filing of a § 1983 suit, rather than while the action is pending . . . [t]o hold otherwise would encourage premature filing by potential litigants, thus undermining Congress' purpose in passing the PLRA, which was to provide the federal courts some relief from frivolous prisoner litigation." *Wendell v. Asher*, 162 F.3d 887, 890-91 (5th Cir.1998) (overruled by implication on other grounds by *Jones v. Bock*, 549 U.S. 199, 214, 127 S. Ct. 910, 920 (2007) (emphasis added)). As a result, Plaintiff's claims against Captain Green are premature.

### III. Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED THAT** that Defendant Deputy Moore's Motion to Dismiss [Rec. Doc. 65] be **GRANTED**, dismissing plaintiff's claims against Deputy Moore **WITH PREJUDICE** as time -barred.

**IT IF FURTHER RECOMMENDED** that Defendant Captain Green's Motion to Dismiss [Rec. Doc. 68] be **GRANTED**, dismissing plaintiff's claims against Captain Green **WITHOUT PREJUDICE** for failure to exhaust.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir.1996).

THUS DONE in Chambers on this 8th day of June, 2022.

*[signature]*

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE